## Alfred Struck Company v. Hardin County.

(Decided May 2, 1924.)

### Appeal from Hardin Circuit Court.

United States—Contractor with Government Held Liable in Conversion for Rock Crusher.—A government conrtactor, which took a rock crusher belonging to a county and moved it to a government quarry, and, after using it for about a month, left it at the quarry, where it was destroyed, was liable in conversion, as against the contention it was acting merely as the agent of the government, there being nothing to show that any one connected with the War Department claimed or took the machinery in question under any authority of Congress or military law, or that any contract was entered into by any one with the county.

BARRET & NETTLEROTH, L. A. FAUREST for appellant.

C. E. MORGAN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

In July, 1918, appellant took possession of a rock-crusher belonging to appellee, which it moved to a government quarry upon the military reservation at Camp Taylor in Jefferson county, Ky., and, after using it for about a month in crushing rock upon the reservation, left it at the quarry where it was destroyed.

Thereafter appellee instituted this action against appellant for conversion of the rock crusher, and recovered therefor the sum of $1,600.00, from which judgment this appeal is prosecuted.

Appellant defended upon the ground that in taking the rock-crusher from the possession of appellee and leaving it upon the military reservation, it was acting merely as the agent of the government and that as a consequence the conversion was by the government, and appellant is not liable therefor.

A jury was waived, and the court, upon motion so to do, stated separately his findings of fact and law as follows:

"That the crusher and parts alleged to have been converted by the defendant were taken by the superintendent Skilton of the Alfred Struck Company. The court further finds that although Major Gilbert, in authority at Camp Taylor and connected with the United States army at the time, is claimed by the said Skilton to have made a contract with Hardin county for the use of the crusher, such contract was never made, and that the taking by the said superintendent was in fact without authority of any contract. The court further finds as a fact that neither the fiscal court of Hardin county nor the county judge, D. W. Rider, ever entered into a contract with either the Alfred Struck Company or the war department or anyone acting for them for the use of the said crusher.

"The court further finds as a fact that neither Major Gilbert nor anyone connected with the war department claimed or took the machinery in question under any authority of Congress or military law.

"The court holds as a matter of law under these circumstances this amounts to a conversion by the Alfred Struck Company of the property in question, and that it is liable for the reasonable market value of the property at the time it was so taken, which the court finds to be $1,600.00."

It is therefore apparent that the court decided the case against appellant upon the facts, and not, as assumed by its counsel, upon the theory that the federal government had no right in time of war to requisition and commandeer whatever property it needed for the purpose of the common defense.

It is likewise apparent that the judgment must be affirmed even though the federal government had such

power, if the court's finding of facts is supported by the evidence.

We are wholly unable to find in the entire record a single bit of evidence upon which a different finding of fact could have been based. No one testified that Major Gilbert, or any other governmental officer or agent, contracted with Hardin county for the crusher, or commandeered it or authorized appellant so to do.

Appellant does not exhibit its contract with the government, and for aught that appears, it was its duty under whatever contract it had with the government, to furnish a crusher or whatever implements and equipment it needed to carry out its contract.

Wherefore the judgment is affirmed.